12/6/2013 6:27:51 PM
Amalia Rodriguez-Mendoza
District Clerk
Travis County
D-1-GN-13-004127

CAUSE NO. D-1-GN-13-004127

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC. | § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, v. | § § § | OF TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC. and XIMPLEWARE CORP. | § § § § § § | 98TH JUDICIAL DISTRICT |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc. and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. (collectively "Versata") respectfully file this Original Petition against Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively, "Ameriprise") and XimpleWare Corp. ("XimpleWare").

### DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190.3, Versata intends to conduct discovery under Level 2.

**EXHIBIT A**

## PARTIES

2. Plaintiff Versata Software, Inc., f/k/a Trilogy Software, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

3. Plaintiff Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

4. Defendant Ameriprise Financial, Inc. is a Delaware corporation with its principal place of business at 1099 Ameriprise Financial Center, Minneapolis, MN 55474. Defendant Ameriprise Financial, Inc. may be served with process through its President, William Frederick Truscott, 707 2nd Ave. South, Minneapolis, MN 55474.

5. Defendant Ameriprise Financial Services, Inc. is a Delaware corporation with its principal place of business at 707 2nd Ave. South, Minneapolis, MN 55474. Defendant Ameriprise Financial Services, Inc. may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

6. Defendant American Enterprise Investment Services, Inc. is a Minnesota corporation with its principal place of business at 200 Ameriprise Financial Center, Minneapolis, Minnesota 55474. Defendant American Enterprise Investment Services, Inc. may be served with process through its President, John Iachello, 200 Ameriprise Financial Center, Minneapolis, Minnesota 55474.

7. Defendant XimpleWare Corp. is a California corporation with its principal place of business at 291 Oarkhurst Way, Milpitas, California, 95035. XimpleWare engages in business in this state but does not maintain a regular place of business in this state or a designated agent for

service of process. As a result, under Tex. Civ. P. & Rem. Code § 17.044(b) XimpleWare may be served by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

## JURISDICTION AND VENUE

8. This Court has general jurisdiction over Defendants because they have continuous and systematic contacts with Texas. Among other things, the Ameriprise defendants have property and employees throughout Texas; handle millions of dollars in financial transactions each year in Texas; and regularly conduct business throughout the state. XimpleWare regularly conducts business throughout the state and offers software to residents of this state.

9. This Court has specific jurisdiction over Defendants because the contract at issue was wholly or partially negotiated in Texas.

10. This Court has subject matter jurisdiction because the amount in controversy exceeds the jurisdictional requirements of this Court.

## VENUE

11. In accordance with Section 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Travis County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County and Versata's principal office is in Travis County.

## FACTS

A. **Ameriprise's use of Versata's Enterprise Software**

12. Ameriprise is one of the country's largest financial services companies and has $631 billion in assets under management.

13. With a network of approximately 10,000 advisors throughout the United States, Ameriprise provides a wide variety of investment, annuity, insurance, banking and other financial products to customers.

14. The compensation system for Ameriprise advisors is heavily commission-based and involves sophisticated calculations, many of which are updated on a daily basis.

15. To perform these calculations, Ameriprise uses proprietary enterprise software developed by Versata in Austin, Texas.

16. Versata owns all title and rights to this software.

**B.   The Master License Agreement**

17. Versata entered into a Master License Agreement (MLA) dated October 4, 1999 to provide enterprise software to Ameriprise.

18. Because the specific terms of the MLA are confidential, a copy is not attached to this pleading.

19. Versata negotiated and signed the MLA in Austin, Texas.

20. Under the MLA, Versata's software, product documentation, and related materials are strictly confidential (§ 10.2) and the property of Versata (§ 4.9). The confidentiality provisions of the MLA survive its termination.

21. Versata and Ameriprise are currently in litigation over whether or not Versata properly terminated the MLA in Cause No. D-1-GN-12-003588; *Versata Software, Inc., f/k/a Trilogy Software, Inc., et al v. Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and Ameriprise Investment Services, Inc.;* In the 53rd Judicial District Court of Travis County, Texas (the "Texas Lawsuit").

**C.   Ameriprise Impermissibly Shares Confidential Information with XimpleWare**

22. Faced with insurmountable evidence of its breaches of the MLA in the Texas Lawsuit, Ameriprise sought to fight liability by raising as many defenses as it could, including alleging that Versata had breached the MLA. In addition, in a further attempt to steal Versata's software, Ameriprise concocted a scheme to threaten Versata's proprietary interest in its

software. As part of that scheme, Ameriprise's counsel engaged in what amounts to blackmail, by concocting a false theory that Versata's software violated an open source license. Ameriprise then threatened to reveal this "fact" (which was false) to third-parties and subject Versata to additional litigation unless Versata dropped its lawsuit and gave Ameriprise free access to Versata's source code without restriction.

23. Following through on its threat, Ameriprise filed partial information about Versata's software in public pleadings in the First Lawsuit, disclosing Versata confidential information in violation of the confidentiality provisions of the MLA.

24. To further bolster its claims, Ameriprise's counsel contacted XimpeWare directly and through XimpleWare's counsel Jack Russo.

25. XimpleWare, and its counsel, through their knowledge of the software industry knew or should have known that the MLA between Versata and Ameriprise contained confidentiality provisions.

26. During the conversations between Ameirprise's counsel and XimpleWare's counsel, XimpleWare sought information about Versata's software and induced Ameriprise to provide it with such information.

27. Ameriprise, in breach of its confidentiality obligations, disclosed confidential information to XimpleWare.

28. In a clear case of greenmail, XimpleWare's counsel then threatened Versata with litigation unless Versata paid a seven figure settlement that had no basis in reality and far exceeded any reasonably royalty that XimpleWare could hope to secure if it even had a basis for its claims.

29. When Versata failed to succumb to XimpleWare's threats, XimpleWare initiated litigation in federal court in the Northern District of California, in a pair of related cases,

XimpleWare v. Versata, et. al., Case Nos. 5:10-CV-05160 and -05161. The sources of XimpleWare's allegations were confidential information that Ameriprise disclosed in violation of the MLA (and misrepresented to XimpleWare).

30. Versata learned of Ameriprise's breach when it received XimpleWare's pleadings in the California action.

31. Versata has promptly notified Ameriprise of its breach of the confidentiality requirements of the MLA.

### D. Ameriprise Is Not Eligible for Indemnification

32. In its suit against Versata, XimpleWare has also identified Ameriprise as a defendant.

33. Under the terms of the MLA, Versata may, under certain limited circumstances, be required to indemnify Ameriprise for intellectual property litigation.

34. However, in order to be eligible for indemnification, Ameriprise must "cooperate, in good faith, in the defense of any such legal action."

35. Rather than cooperating in good faith in a defense of this legal action, upon information and belief, Ameriprise has in fact encouraged and incented XimpleWare to sue Versata and Ameriprise. Moreover, after Ameriprise became aware of the filing of the XimpleWare lawsuits, Ameriprise took actions inconsistent with its obligation of good faith.

36. In short, Ameriprise's actions appear wholly inconsistent with cooperating in good faith in the defense of the legal action. Ameriprise's actions are so extreme that they turn the meaning of indemnity on its head.

37. In addition, in order to qualify for indemnification, Ameriprise must provide Versata with control over the defense of the lawsuits, which Ameriprise has failed to do.

38. Finally, Versata is relieved of any obligations to indemnify Ameriprise under the MLA based on Ameriprise's material breaches of the MLA.

39. In short, Ameriprise, therefore, is not eligible for indemnification under the MLA.

## CAUSES OF ACTION

**A.  Breach of Contract for Disclosure of Confidential Information (Against the Ameriprise Defendants)**

40. Versata incorporates the foregoing paragraphs as if fully set forth here.

41. Versata and Ameriprise entered into the MLA, which prohibits Ameriprise from disclosing Versata's software and confidential information to third parties.

42. In violation of this provision, Ameriprise disclosed confidential information to XimpleWare and filed pleadings containing confidential information.

43. Because of Ameriprise's breach, Versata is damaged in an amount including but not limited to the attorneys' fees and any award against Versata in the Northern District of California litigation.

**B.  Tortious Interference with Contract (Against XimpleWare)**

44. Versata incorporates the foregoing paragraphs as if fully set forth here.

45. Versata had a binding and enforceable contract with Ameriprise, that post-termination, contained contractual confidentiality protections.

46. XimpleWare knew or should have known about the contract and the confidentiality provions therein and induced Ameriprise to breach the contract.

47. XimpleWare is liable to Versata for damages proximately caused by Ameriprise's breach of the confidentiality provisions of the MLA.

**C.  Declaratory Judgment**

48. Versata incorporates the foregoing paragraphs as if fully set forth here.

49. For the reasons set forth above, Versata seeks a declaration that Versata is not obligated to indemnify Ameriprise in the litigation in the Northern District of California.

E. **Attorneys' Fees**

50. Versata incorporates the foregoing paragraphs as if fully set forth here.

51. As a result of Ameriprise's wrongful conduct, Versata has been required to retain counsel to prosecute this action. Consequently, in accordance with Sections 37.009 and 38.001 of the Texas Civil Practice and Remedies Code, Versata is entitled to recover its costs and reasonable and necessary attorney's fees from Ameriprise.

F. **Conditions**

52. Versata incorporates the foregoing paragraphs as if fully set forth here.

53. All conditions precedent have been met or have occurred.

## Jury Demand

54. Plaintiffs hereby demand a trial by jury and have tendered the appropriate fee.

## PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that the Court:

a. enter judgment in favor of Versata and against Ameriprise and XimpleWare on all claims asserted by Versata;

b. issue a judicial declaration that Versata is not obligated to indemnify Ameriprise for the XimpleWare lawsuits;

c. award Versata its reasonable and necessary attorney's fees and expenses;

d. award Versata all costs of court;

e. award Versata all actual and punitive damages; and

f. grant all other relief to which Versata may show it is justly entitled.

Date: Dec. 6, 2013                    Respectfully submitted,


/s/ Amir H. Alavi
Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 27037123
Benjamin F. Foster
State Bar No. 24080898
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062


McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Travis Barton
State Bar No. 00790276
600 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 495-6000
Facsimile: (512) 495-6093


AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.

**ATTORNEYS FOR PLAINTIFFS**